UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joseph McKenna, | Case No. 20-cv-1837 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Loonan; Minnesota Shower and Bath; Rusco, Inc.; KSTP-TV; KMSP-TV; KARE; and WCCO-TV, | |
| Defendants. | |

---

Before the Court are Defendants' motions for summary judgment. (Dkts. 64, 73.) Plaintiff has not responded to either motion. For the reasons addressed below, the Court grants Defendants' motions for summary judgment.

## BACKGROUND

Plaintiff Joseph McKenna, a resident of Cottage Grove, Minnesota, alleges that Defendants Minnesota Rusco, Inc. d/b/a Minnesota Shower and Bath; KSTP-TV, LLC; Fox/UTV Holdings, LLC; Multimedia Holdings Corporation; and CBS Broadcasting Inc. (collectively, Corporate Defendants [1]), have engaged in copyright infringement by impermissibly using or broadcasting a jingle that McKenna created in 2013. McKenna

---

[1] In his complaint, McKenna misidentifies Corporate Defendants as Minnesota Shower and Bath; Rusco, Inc.; KSTP-TV; KMSP-TV; KARE; and WCCO-TV. The case caption appears as pleaded by McKenna. The Court, however, refers to Corporate Defendants by their correct names throughout this Order.

also alleges that Defendant Michael Loonan, an acquaintance of McKenna, participated in the alleged copyright infringement.

Sometime in or about 2013, McKenna arrived at Loonan's house to pick up a family member. Loonan gave McKenna a tour of Loonan's home, during which they stopped in Loonan's home studio. During the brief visit, McKenna played Loonan's guitar. Defendants maintain that the performance was not recorded. In a response to a discovery request that McKenna filed with the Court, McKenna admits that he did not record the performance, but McKenna denies that no recording of the performance exists.

In 2020, McKenna viewed television commercials for Minnesota Shower and Bath, which McKenna alleges used the jingle that McKenna played during his visit with Loonan in 2013. McKenna alleges by inference that Loonan supplied Corporate Defendants with the jingle and Corporate Defendants impermissibly used the jingle in television commercials for Minnesota Shower and Bath. Corporate Defendants dispute this allegation, contending that the jingle was created by Troy Castellano, a musician from Nashville, Tennessee, who has been creating jingles for Minnesota Shower and Bath for approximately six years. Loonan denies any involvement with the creation or use of the jingle by Corporate Defendants.

**ANALYSIS**

Summary judgment is proper when the record before the district court establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists when "the evidence is such that a reasonable jury could return a verdict for the

2

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When deciding a motion for summary judgment, a district court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor.  *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014).  When asserting that a fact is genuinely disputed, the nonmoving party must "submit affidavits, depositions, answers to interrogatories, or admissions on file and designate specific facts" in support of that assertion.  *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 831–32 (8th Cir. 2008); *see also* Fed. R. Civ. P. 56(c)(1)(A).  A nonmoving party may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted).  Because McKenna is proceeding *pro se*, the Court liberally construes his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**I.      Corporate Defendants' Motion for Summary Judgment**

Corporate Defendants argue that Defendants are entitled to summary judgment because (1) McKenna did not register the alleged copyrighted material with the United States Copyright Office; (2) McKenna did not "fix" the allegedly copyrighted work, as required by the Copyright Act; and (3) McKenna has presented no facts suggesting that Corporate Defendants had access to McKenna's jingle.  In Loonan's motion for summary judgment, he incorporates by reference Corporate Defendants' arguments in support of their motion.  McKenna did not respond to Defendants' motions.

      **A.**    **Copyright Registration**

A copyright owner has "exclusive rights to do and to authorize" certain acts, including the reproduction, distribution, public performance and display of the owner's copyrighted works. 17 U.S.C. § 106; *accord Ray v. ESPN, Inc.*, 783 F.3d 1140, 1144 (8th Cir. 2015). A copyright owner may initiate an action for any infringement of a copyright "subject to the requirements of section 411 [of the Copyright Act]." 17 U.S.C. § 501(b). Relevant to this dispute, Section 411(a) provides:

> [N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a). Accordingly, a plaintiff may initiate a copyright-infringement action if the plaintiff applied to register its copyright and the United States Copyright Office approved the application. *See Asche & Spencer Music, Inc. v. Principato-Young Entm't, Inc.*, 147 F. Supp. 3d 833, 836 (D. Minn. 2015).

A plaintiff also can initiate a copyright-infringement action if the Copyright Office refused registration, in which case the plaintiff must serve notice of the action and a copy of the complaint on the Register of Copyrights. 17 U.S.C. § 411(a); *accord Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 165 (2010) (observing that Section 411(a) "expressly *allows* courts to adjudicate infringement claims involving unregistered works . . . [if] the holder attempted to register the work and registration was refused"). If the plaintiff has

applied for a valid copyright registration but the Copyright Office has not issued a decision, Section 411(a) requires the dismissal of the action. *Paisley Park Enters., Inc. v. Boxill*, 299 F. Supp. 3d 1074, 1088 (D. Minn. 2017).

McKenna does not allege, let alone present evidence, that he has registered or applied to register the disputed jingle with the Copyright Office.[2] The parties, therefore, do not dispute the material fact that McKenna did not register the jingle before McKenna filed this lawsuit. Nor does McKenna suggest that he applied for preregistration of the jingle. A person who has neither registered nor preregistered a composition may not sue for copyright infringement. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019). Accordingly, Corporate Defendants are entitled to summary judgment on this basis.

### B. "Fixed" Work

Corporate Defendants also argue that, even if McKenna's copyright is registered or preregistered, McKenna has alleged only that he played the disputed jingle for several minutes in Loonan's house in 2013 and has neither alleged—nor demonstrated—that the 2013 private performance of the jingle was recorded. As McKenna did not file any response in opposition to Corporate Defendants' motion for summary judgment, this characterization of McKenna's claim is not rebutted.

---

[2] In an untimely response to Corporate Defendants' request for admissions, which McKenna filed with this Court, McKenna *admits* that he has not registered a recording or a composition of the jingle with the Copyright Office.

Before commencing a copyright-infringement action, an individual not only must register the art, but the individual also must have "fixed" the work of authorship "in any tangible medium of expression . . . from which [the work] can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). Works of authorship include "musical works" and "sound recordings." 17 U.S.C. § 102(a)(2), (7).  A performance is "fixed" when it is "recorded under the permission of the performer." *Dryer v. Nat'l Football League*, 55 F. Supp. 3d 1181, 1201 (D. Minn. 2014), *aff'd*, 814 F.3d 938 (8th Cir. 2016).

Because McKenna did not "fix" the jingle by recording it, Corporate Defendants contend, McKenna cannot prevail on his copyright-infringement claim. There is no evidence that McKenna recorded the jingle that he alleges he performed at Loonan's house in 2013. Nor has McKenna presented evidence that another person recorded McKenna's 2013 performance of the jingle. These factual omissions are fatal to McKenna's copyright-infringement claim. Because McKenna fails to present evidence that he "fixed" the jingle in accordance with the terms of the Copyright Act, Corporate Defendants are entitled to summary judgment on this basis.

### 3. Access to the Jingle

Corporate Defendants also argue that McKenna fails to establish that Corporate Defendants had access to the jingle, let alone that Corporate Defendants copied McKenna's 2013 private performance. Although McKenna did not respond to Corporate Defendants' motion, McKenna's complaint suggests that he believes that Loonan transmitted the performance to Corporate Defendants.

6

To establish copyright infringement, a plaintiff must prove both ownership of the copyright and copying by the defendants. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Because the latter element can be difficult to prove directly, a plaintiff may establish copying by demonstrating "access (by the alleged infringer) and substantial similarity (between the works at issue)." *Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939, 941–42 (8th Cir. 1992). In doing so, access may be established "by showing that the defendants had an opportunity to view or to copy [the plaintiff's] work." *Id.* at 942 (internal quotation marks omitted). But merely "[e]stablishing a bare possibility of access" is insufficient. *Id.* (internal quotation marks omitted). Here, McKenna must prove that Corporate Defendants had a "reasonable possibility of viewing [McKenna's] work." *Id.* (internal quotation marks omitted).

McKenna has neither alleged nor presented evidence establishing how Corporate Defendants gained access to the 2013 private performance. McKenna, therefore, fails to establish a "reasonable possibility" of access by Corporate Defendants to McKenna's allegedly copyrighted jingle—a showing that is required to establish copyright infringement. *See id.* For these reasons, Corporate Defendants are entitled to summary judgment on this basis.

In summary, because McKenna has not presented evidence that he preregistered or registered a copyright, that he fixed his jingle in a tangible medium of expression, or that Corporate Defendants had access to McKenna's jingle, there is no genuine dispute as to any material fact and Corporate Defendants are entitled to judgment as a matter of law. Accordingly, the Court grants Corporate Defendants' motion for summary judgment.

## II. Loonan's Motion for Summary Judgment

Loonan moves for summary judgment, incorporating by reference the arguments Corporate Defendants present in their motion. In addition, Loonan argues that, because he was not involved with the Minnesota Shower and Bath commercials that used the disputed jingle, he cannot be held liable for copyright infringement. McKenna presents no evidence to support the existence of a connection between Loonan and Corporate Defendants, let alone any connection to the commercials at issue in this lawsuit. For this reason, as well as the reasons addressed in Part I of this Order, the Court grants Loonan's motion for summary judgment.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motions for summary judgment, (Dkts. 64, 73), are **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 2, 2022　　　　　　　　　　　　　　　s/Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge